# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

SALARYO INC.,

    Plaintiff,

v.                                         Case No. 6:23-cv-1912-JA-EJK

VULCAN WELDING AND
FABRICATION LLC and CASIE
ARELLANO,

    Defendants.

---

## ORDER

This case is before the Court on review of the Complaint (Doc. 1).

Federal courts are courts of limited jurisdiction. "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).

Plaintiff, Salaryo Inc., brings six state law claims against Vulcan Welding and Fabrication LLC and Casie Arrelano. (*See* Doc. 1). The Complaint alleges that this Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and because the amount

in controversy exceeds $75,000. (*Id.* at 1). However, Plaintiff has not identified the citizenship of any of the parties and thus has not sufficiently alleged diversity of citizenship.

Plaintiff describes itself as "a New York corporation." (*Id.* at 2). But "[f]or the purposes of [28 U.S.C. § 1332] . . . a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Plaintiff has not identified the State where it has its principal place of business, and thus the Court cannot ascertain Plaintiff's citizenship.

Plaintiff does no better in describing the citizenships of either of the Defendants. Plaintiff describes Vulcan as "a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located in Brevard County, Florida." (Doc. 1 at 2). But the citizenship of a limited liability company is determined by the citizenship of each of its members. *See Rolling Greens MHP, L.P., v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The Complaint does not identify the members of Vulcan or their citizenships.

Finally, Plaintiff describes Defendant Arellano merely as "a resident of Brevard, County, Florida." (Doc. 1 at 2). However, "[r]esidence alone is not enough" to establish citizenship. *Travaglio v. Am. Express Co.*, 735 F.3d 1266,

2

1269 (11th Cir. 2013). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom . . . ." *Id.* at 1257–58 (alteration in original) (internal quotation marks omitted) (quoting *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)). That a party may be a resident of a certain state does not establish that state as his or her domicile.

Because the Complaint does not sufficiently identify the states of citizenship of any of the parties, the Court cannot determine whether the parties are diverse. Accordingly, it is **ORDERED** that:

1. The Complaint (Doc. 1) is **dismissed without prejudice**.

2. **No later than October 16, 2023**, Plaintiff may file an amended complaint that identifies the citizenship of each party and establishes that the parties are of diverse citizenship. Failure to file an amended complaint by this deadline may result in dismissal of the case.

**DONE** and **ORDERED** in Orlando, Florida, on October ___, 2023.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties